# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| **JONATHAN RODRIGUEZ,** ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | **09 CV 04591** |
| ) | |
| **COOK COUNTY SHERIFF'S POLICE** ) | **Judge Dow Jr.** |
| **OFFICER SHEPPARD, STAR # 557, COOK** ) | |
| **COUNTY SHERIFF'S POLICE LIEUTENANT** ) | **Magistrate Judge Cole** |
| **ANTON, STAR # 25, COOK COUNTY SHERIFF'S** ) | |
| **POLICE SERGEANT DWYER, STAR # 32,** ) | |
| **and the COOK COUNTY SHERIFF'S OFFICE,** ) | |
|     Defendants. ) | |

## SECOND AMENDED COMPLAINT

NOW COMES the plaintiff Jonathan Rodriguez by his undersigned attorneys and complains against the Defendants and alleges as follows:

## JURISDICTION

1. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Section 1983, 1981 and 1985; 28 U.S.C. Section 1331 and Section 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. 1367(a). The amount in controversy exceeds $10,000.00, exclusive of cost and interest against each Defendant.

## PARTIES

2. Plaintiff Jonathan Rodriguez is a resident of the City of Chicago.

1

3. Defendants Sheppard, Star #557, Anton, Star # 25, and Dwyer, Star #32, were at all times material to this Complaint employed by the Cook County Sheriff's Office as a Cook County Sheriff's Police Officer, Lieutenant, and Sergeant, respectively, and all acted within the scope of their respective employment.  Each officer is sued individually.

4.  Defendant Cook County Sheriff's Office is the employer and principal of Defendants Sheppard, Anton, and Dwyer.

5.  Defendants Sheppard, Anton, and Dwyer were at all times material to this Complaint acting under color of law.

## STATEMENT OF FACTS

6.  On December 14, 2007, the Plaintiff resided in the City of Chicago, County of Cook, State of Illinois.

7.  On December 14, 2007, at approximately 1:58 a.m., Defendants Sheppard and/or Anton, or alternatively Dwyer, stopped the Plaintiff's vehicle on Milwaukee Avenue near Church Street in the Township of Maine, County of Cook.

8.  During this stop, the Plaintiff asked Defendants Sheppard and/or Anton, or alternatively Dwyer, why he was being stopped to which Defendants Sheppard and/or Anton, or alternatively Dwyer, replied he would issue the Plaintiff tickets until the Plaintiff learned how to talk to a police officer.

9.  In retaliation, Defendants Sheppard and/or Anton, or alternatively Dwyer, falsely arrested the Plaintiff on an outstanding arrest warrant for a Jose L. Rodriguez.

10.  Defendants Sheppard and/or Anton, or alternatively Dwyer, without probable cause, falsely arrested the Plaintiff for a charge pending against Jose L. Rodriguez, that of driving with a suspended license.

11.  Subsequently, Defendants Sheppard and/or Anton, or alternatively Dwyer, without probable cause or legal justification, seized the Plaintiff's vehicle.

12.  Defendants Sheppard and/or Anton, or alternatively Dwyer, knew or should have known that Jose L. Rodriguez was not and could not be the Plaintiff since the Defendants viewed or should have viewed a photograph of Jose L. Rodriguez and knew or should have known the Plaintiff did

2

not look like Jose L. Rodriguez.

13. Furthermore, Defendants Sheppard and/or Anton, or alternatively Dwyer, knew or should have known that Jose L. Rodriguez was not and could not be the Plaintiff because of the substantial difference between the names of the Plaintiff and of Jose L. Rodriguez and knew or should have known of other key distinguishing identifications.

14. On December 14, 2007 at 7:20 a.m., because of the false arrest, the Plaintiff posted bail in the amount of $200 for driving on a suspended license and $500 for the outstanding arrest warrant, both of which were for Jose L. Rodriguez that Defendants used to falsely arrest the Plaintiff, and then the Plaintiff paid a substantial amount to recover his seized vehicle.

15. On December 28, 2007, the Judge of the Circuit Court of Cook County, District Two, Traffic Court, dismissed the citation of driving with a suspended license against the Plaintiff.

16. On January 24, 2008, the Plaintiff attended the 16th Judicial Circuit Court of Kane County, Aurora Branch Court, as mandated by the terms of the Plaintiff's release on bond for his arrest on the outstanding arrest warrant for Jose L. Rodriguez.

17. On the aforesaid date and location, the presiding Judge found that the arrest warrant issued for Jose L. Rodriguez was not a warrant for the Plaintiff and ordered the return of the bail posted by the Plaintiff on December 14, 2007, minus 10%, to the Plaintiff.

18. Defendants Sheppard and/or Anton, or alternatively Dwyer, knew that the arrest and imprisonment of the Plaintiff could only be made based upon probable cause and a reasonable officer in their position would have known that there was not probable cause for the arrest and imprisonment of the Plaintiff.

19. Defendants Sheppard and/or Anton, or alternatively Dwyer, had a duty to determine whether there was probable cause to justify the arrest and detention of the Plaintiff.

20. Defendants Sheppard and/or Anton, or alternatively Dwyer, directly and proximately caused the false arrest of the Plaintiff out of malice through the misconduct and unlawful acts set forth more fully above.

21. The acts and omissions of Defendants Sheppard and/or Anton, or alternatively Dwyer, as set forth more fully above were wanton and willful.

22. Defendants Sheppard and/or Anton, or alternatively Dwyer, acted intentionally and recklessly as set forth more fully above.

23. Moreover, the Plaintiff was illegally seized and arrested, suffered and continues to suffer as a result of Defendants Sheppard's and/or Anton's, or alternatively Dwyer's, actions.

## COUNT I

**(Plaintiff's Claim for False Arrest and Imprisonment Section 1983 - Defendants Sheppard and/or Anton, or alternatively Dwyer)**

24. The Plaintiff realleges paragraphs 1-23 with the same force and effect as if fully set forth herein.

25. Defendants Sheppard and/or Anton, or alternatively Dwyer, falsely cited and arrested the Plaintiff for driving with a suspended license and arrested the Plaintiff on an outstanding warrant that Defendants Sheppard and/or Anton, or alternatively Dwyer, knew or should have known was not for him. Because of this, the Plaintiff was illegally arrested and taken into custody without probable cause. As a result of Defendants Sheppard's and/or Anton's, or alternatively Dwyer's, illegal arrest of the Plaintiff without probable cause, the Plaintiff was detained and held continuously in custody on December 14, 2007. These actions by Defendants Sheppard and/or Anton, or alternatively Dwyer, constitute false arrest and imprisonment under the Fourteenth Amendment and are actionable under 42 U.S.C. Section 1983.

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment for monetary damages against Defendants Sheppard and/or Anton, or alternatively Dwyer, in the form of compensatory and punitive damages since his/their actions were malicious, willful, and/or wanton, plus the Plaintiff's attorneys' fees, costs and for any other relief this Court deems appropriate.

## COUNT II

**(Unconstitutional Seizure of Plaintiff's Vehicle)**

26. The Plaintiff realleges paragraphs 1-25 with the same force and effect as if fully set forth herein.

27. The seizure by Defendants Sheppard and/or Anton, or alternatively Dwyer, of the Plaintiff's

vehicle was based upon false legal cause, performed without a warrant and without the Plaintiff's consent, and ultimately violated the Plaintiff's right to security guaranteed by the Fourth and Fourteenth Amendment of the United States Constitution, and is actionable under 42 U.S.C. Section 1983.

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment for monetary damages against Defendants Sheppard and/or Anton, or alternatively Dwyer, in the form of compensatory and punitive damages since his/their actions were malicious, willful, and/or wanton, plus the Plaintiff's attorneys' fees, costs and for any other relief this Court deems appropriate.

## COUNT III
### (42 U.S.C. § 1983 – First Amendment Retaliation)

28. The Plaintiff realleges paragraphs 1-27 with the same force and effect as if fully set forth herein.

29. The First Amendment of the United States Constitution guarantees the Plaintiff's right to freedom of speech.

30. As described more fully in the preceding paragraphs, the Plaintiff engaged in protected First Amendment speech during the period of time Defendants Sheppard and/or Anton, or alternatively Dwyer, stopped and detained the Plaintiff.

31. As the Plaintiff exercised his protected rights and in direct retaliation for his exercise of these protected rights, Defendants Sheppard and/or Anton, or alternatively Dwyer, retaliated against the Plaintiff without probable cause by falsely citing and arresting the Plaintiff for a charge against Jose L. Rodriguez for driving with a suspended license and falsely arresting the Plaintiff on a warrant for a Jose L. Rodriguez due solely to the fact that the Plaintiff engaged in First Amendment activity.

32. Defendants Sheppard's and/or Anton's, or alternatively Dwyer's, actions were done with malice, willfulness, and reckless indifference to the rights of the Plaintiff.

33. As a result of the aforesaid unconstitutional conduct, the Plaintiff incurred monetary damages, was illegally treated, suffered and continues to suffer.

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment for monetary damages against Defendants Sheppard and/or Anton, or alternatively Dwyer, in the form of compensatory and punitive damages since his/their actions were malicious, willful, and/or wanton, plus the Plaintiff's attorneys' fees, costs and for any other relief this Court deems appropriate.

## COUNT IV
### (745 ILCS 10/9-102 – Indemnification)

34. The Plaintiff realleges paragraphs 1-33.

35. Defendants Sheppard and/or Anton, or alternatively Dwyer, were, at all times material to this complaint, employees of Defendant Cook County Sheriff's Office, acting within the scope of their employment and under color of law, and their acts, described more fully in the preceding paragraphs, are directly chargeable to Defendant Cook County Sheriff's Office under 745 ILCS 10/9-102.

WHEREFORE, the Plaintiff respectfully requests that this Court find Defendant Cook County Sheriff's Office liable for any judgments the Plaintiff is awarded against Defendants Sheppard and/or Anton, or alternatively Dwyer, including the Plaintiff's attorneys' fees, costs, and for any other relief this Court deems appropriate.

A JURY TRIAL IS DEMANDED ON ALL COUNTS

/s/ Melinda Power
Melinda Power

/s/ Sandeep Basran
Sandeep Basran

Attorneys for Plaintiff,
Melinda Power
mpwr2502@earthlink.net
Sandeep Basran
ssbasran@gmail.com
West Town Community Law Office
2502 W. Division, Chicago, Illinois 60622
Tel: 773/278-6706    Fax: 773/278-0635